### WESTCHESTER FIRE INS. CO. v. McMINN. (No. 1656.)

(Court of Civil Appeals of Texas. Texarkana. June 15, 1916.)

1. INSURANCE ⊚⟞335(1)—FIRE INSURANCE—BREACH OF POLICY—STATUTE.

The breach of a provision of a fire insurance policy, requiring the insured to take an annual inventory and to keep a complete record of his business, bars a recovery; the provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, providing that recovery shall not be defeated by breach of provisions which did not contribute to the loss or destruction of the insured property, not being applicable to breach of such provisions.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 853; Dec. Dig. ⊚⟞335(1).]

2. APPEAL AND ERROR ⊚⟞1040(6)—REVIEW—HARMLESS ERROR.

In an action on a fire insurance policy, an order sustaining a demurrer to the answer of insurance company, which in effect strikes out from the answer allegations of the insured's breach of a provision of the policy, requiring an annual inventory and the keeping of a complete record of the business transacted, is prejudicial error where defendant's defense of forfeiture was left without legal basis or pleading.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4093, 4097; Dec. Dig. ⊚⟞ 1040(6); Pleading, Cent. Dig. § 284.]

3. INSURANCE ⊚⟞668(1) — ACTION — CANCELLATION OF FIRE INSURANCE POLICY—SUBMISSION TO JURY—SUFFICIENCY OF EVIDENCE.

Evidence held sufficient to require the submission to the jury of the issue whether there was a mutual cancellation of a fire insurance policy before the fire.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1556; Dec. Dig. ⊚⟞668(1).]

4. INSURANCE ⊚⟞226, 230—FIRE INSURANCE — CANCELLATION OF POLICY — MUTUAL AGREEMENT—PAYMENT OF UNEARNED PREMIUM.

A policy of fire insurance may be canceled at any time before loss by agreement between the parties, independent of the terms of the policy; and in such case the immediate payment of the unearned premium may not be required in order to make valid the agreed cancellation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 498, 499, 509-512; Dec. Dig. ⊚⟞ 226, 230.]

Error from District Court, Franklin County; H. F. O'Neal, Judge.

Action by M. W. McMinn against the West-chester Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Thompson, Knight, Baker & Harris and George S. Wright, all of Dallas, for plaintiff in error. R. T. Wilkinson, of Mt. Vernon, for defendant in error.

LEVY, J. The action is by appellee against appellant upon three policies of fire insurance. A policy is for $3,000, dated December 2, 1914, covering a stock of general merchandise and store fixtures; a policy is for $500, dated January 4, 1915, covering dry goods; a policy is for $1,500, dated January 8, 1915, covering dry goods. The insured property was destroyed by fire on January 17, 1915. The court instructed the jury to return a verdict for the plaintiff in an amount not to exceed three-quarters of the cash value of the merchandise and fixtures.

The court sustained the plaintiff's demurrer to the part of the defendant's answer averring that the plaintiff had violated the provision of the policy requiring the taking of a complete itemized inventory once in each calendar year, the taking of same within 30 days from the date of the policy, and keeping a complete record of business transacted, and in reference to the iron safe clause. The court sustained the demurrer to the answer upon the ground that the alleged breach or violation of such provisions of the policy would not contribute to bring about the destruction of the insured property, and therefore would not, under Acts 1913, p. 194 (art. 4874a, Vernon's Sayles' Statutes), render the policy void or constitute a defense to the suit.

The appellant's contention that there was error in striking out his answer in the respect mentioned should, we think, be sustained. The title of said act of 1913 expresses, it is thought, the same subject and purpose of legislation as is contained in the body of the act, and therefore the act may not reasonably be held invalid; and the act of 1913 intends and means, and should be so construed, it is believed, to have application to and cover only such provisions or stipulations of the policy or contract of insurance as bear upon or relate to an act which, if such act be not performed as stipulated, might increase or affect, either in a natural, actual, or probable way, the risk or hazard of fire. But, notwithstanding the stipulation or provision, set up in avoidance of the policy, relates to or affects the peril or risk of fire, its breach or violation would not, under this act of 1913, be material to the question of the cause of the loss or destruction, unless its breach "contributed to bring about the destruction of the property." The evident aim of the law was to so far modify the rule respecting stipulations affecting hazard of fire as not to make a forfeiture of the policy depend, as before this statute, upon merely the question

of compliance or noncompliance with the particular stipulation, but, instead, to make the effect of such breach or violation dependent on its materiality to the question of actually causing or contributing to bring about the destruction of the property. The purpose of the act could not properly be said, it is believed, to restrict or limit the right of contract respecting stipulations not bearing upon the peril or risk of fire itself. Thus the extent of the act in question is merely to place a limitation upon the legal effect of only certain stipulations respecting forfeitures of the contract of insurance, and does not cover or apply to stipulations that do not affect or bear upon the peril or risk of destruction by fire. The stipulations alleged to be violated in the defendant's answer only tend to the better preservation of evidence to show the amount of loss sustained in case of destruction or damage to the insured property by fire, and consequently would not, we think, come under the terms of or be covered by the act of 1913. A like construction of this act, which we concur in, has been given by Justice McMeans in the case of Insurance Co. v. Finegan, 183 S. W. 833.

[2] As the effect of sustaining the demurrer was to strike out the part of the answer mentioned, and to leave the appellant without legal basis or pleading for the defense of forfeiture, it may not be said that the ruling was harmless error. And looking to the whole record, we conclude that it may not properly be said that an issue of fact does not arise requiring reversal of the judgment to have tried in the trial court.

[3, 4] Appellant pleaded that there was a mutual cancellation, before the fire, of both the policies issued in January, and by special charge asked the submission of such issue to the jury. The refusal to submit the issue of cancellation is made the basis of an assignment of error. It is believed that there was an issue of fact as to whether or not the two policies issued in January were mutually canceled before the fire. It is not intended to comment upon or set out all the testimony. The witness Davidson testified that he, as local agent, received a telegram from the general agents of the company directing him to make cancellation at once of the two policies, and that he showed the telegram to appellee and advised him that the company desired immediate cancellation of the policies, and that appellee said, "All right," and went to the back of the store and got the two policies and handed them to the witness. The local agent then, as he says, wrote on the policies, "Canceled January 12, 1915," and also entered the cancellation on his policy register. The appellee, though, denies this testimony. A policy of insurance may be canceled at any time before loss, by agreement between the parties, and there may be cancellation by consent of the parties, inde-

pendent of the terms of the policy; and in such case an immediate payment of the unearned premium may not be required in order to make valid the agreed cancellation. As to whether there was an agreement here was a question of fact. Polemanakos v. Ins. Co., 160 S. W. 1134.

The judgment is reversed and the cause remanded for a new trial.