[Civ. No. 5406.   Second Appellate District, Division Two.—June 25, 1929.]

A. K. DELLAROWE, Respondent, v. EMIL KIRCHNER, Appellant.

Harrah, Louis & Quillian and H. B. Pool for Appellant.

Ernest B. Coil for Respondent.

THOMPSON (IRA F.), J.—The plaintiff recovered a judgment in the court below in the sum of $1500 against the defendants Kirchner and Bartel, the complaint having been dismissed as to the defendant Scoville.   The defendant Emil Kirchner prosecutes this appeal from the judgment.

The facts necessary to an understanding of the case are as follows: Some time during November, 1922, the defendant George Bartel executed and delivered to plaintiff's assignor, Jack L. Dawson, eight promissory notes in the principal sum of $200 each, bearing interest at seven per cent and maturing at intervals of thirty days apart.   In addition to being signed by the defendant Bartel, the notes

were also executed by his wife, Frances Lee Bartel, and one Louise Dawson. Shortly after the execution of the notes plaintiff's assignor made application to the appellant for a loan, offering as collateral security seven of the notes. Appellant was unwilling to state the amount he would loan, but did agree to and did advance $150, and requested Jack L. Dawson, plaintiff's assignor, to call back within a day or two and appellant would state the amount he was willing to loan. Dawson made several trips to appellant's office thereafter, but was unable to find him in for ten or fifteen days. About thirty days after the advance was made the appellant indorsed the seven notes which had been indorsed and delivered over to him as collateral to the defendant George Bartel. The court has found the foregoing facts and, in addition, that Dawson offered to appellant and to Bartel the principal sum of $150, together with interest thereon, and demanded redelivery of the notes, but that each of them refused. The principal contention of appellant is that he had a right to assign to the defendant Bartel his claim for $150 (or to indorse the note therefor, which, however, the court has found upon substantial evidence was not executed) and as an incident thereto to transfer the collateral security. He therefore asserts that the following portions of findings numbers 2 and 3 are not supported by the testimony:

(1) From finding No. 2: "That the said Emil Kirchner at that time agreed to and did advance to the said Dawson the sum of $150.00 and requested the said Dawson to call by his office within a day or two and he would be able to state just how much money he would loan to the said Dawson upon said security, and that in the meantime he would investigate the security. That no note or other written evidence of indebtedness was executed or delivered by the said Dawson to the said Kirchner to represent the said advance of $150.00."

(2) From finding No. 3: "That subsequent to said assignment and transfer and prior to the commencement of this action, the plaintiff caused demand to be made upon each of said defendants George Bartel and Emil Kirchner for the delivery of the possession of said seven notes, at the time of said demand he offered to pay the said sum of $150.00 together with any and all accrued interest thereon, which said offer and demand was by each of said defendants refused."

"That within thirty days after the delivery of said notes by the said Jack L. Dawson to the said defendant Kirchner, the said defendant Kirchner without the knowledge of the said Dawson and against the will and without the consent of said Dawson, sold and transferred the said notes and each of them to the said defendant George Bartel, and caused a delivery of said notes to be immediately made to the said Bartels for a consideration.

"That the said plaintiff was, at the time demand for the possession of said notes was so made as aforesaid, prior to the commencement of said action and at all times thereafter, up to the commencement of said action, was ready, able and willing to pay the said sum of $150.00 so advanced to the said Jack L. Dawson, together with any and all accrued interest thereon, and upon condition that the said notes be surrendered. That the said Jack L. Dawson at the time he made demand for the possession of said notes, prior to said assignment to the plaintiff herein, was ready, able and willing to repay the amount of said advancement, namely $150.00, together with accrued interest thereon, upon condition that the said notes be returned to him."

▮ In so far as the first quoted portion of the finding is concerned, it is sufficient to say that it is substantially the testimony of plaintiff's assignor, which, of course, the trial judge, under a well-known rule of law, had the sole right to believe or reject. ▮ By virtue of this finding it would follow that appellant had not the right to transfer the collateral until the amount of the loan and its terms had been settled, and it becomes of no great importance to determine whether the second quoted portion of finding number 3 is supported or not. However, appellant testified that he transferred the notes to the defendant Bartel about thirty days after the $150 was advanced to Dawson; that the reason he transferred them was because he "had been informed that there was some trouble brewing or differences in the sale of the drug store from Mr. Dawson to Mr. Bartel, and" he "did not want to be involved." Mr. Kirchner also stated on the stand that when he sold the $150 note he received $150 as principal, together with $1.50 as interest, which interest if computed at the legal rate would indicate that his transfer to Bartel had been considerably more than thirty days after the money was advanced. In the meantime,

according to the testimony of plaintiff's assignor, and about ten or fifteen days after he received the $150 from appellant, he found the appellant in his office and told him that "if he did not want to advance . . . any more money that" he would take up the notes, and offered to repay the $150 and interest, to make which payment he says he was then prepared. This witness further testified that appellant at this early date said that he did not have the notes in his possession but had sent them to the bank at Tujunga. Inquiry at the bank and of the defendant Bartel failed to disclose their whereabouts. Obviously the testimony to which we have referred is sufficient to support all those parts of the finding necessary to support the judgment as against this appellant. Not only did the appellant refuse and neglect to redeliver the collateral at a time when confessedly it was under his control and possession, but the testimony is subject to the construction that he united or co-operated with the defendant Bartel in inflicting a wrong upon plaintiff's assignor.

Judgment affirmed.

Craig, J., concurred.

Works, P. J., being absent, did not participate in this opinion.