[Civ. No. 6635. Fourth Dist. Mar. 14, 1962.]

WALTER S. WHITE, JR., Plaintiff and Respondent, v. NATHANIEL GEORGE KANRICH et al., Defendants and Appellants.

Thompson & Colegate for Defendants and Appellants.

Carroll & Anderson and Thomas T. Anderson for Plaintiff and Respondent.

COUGHLIN, J. — The plaintiff, the respondent herein, brought this action to recover the reasonable value of services rendered as an industrial designer pursuant to an agreement with the defendants, the appellants herein, which the latter wrongfully terminated. The theory of his action conforms to the rules stated and applied in *Kimes* v. *Davidson Inv. Co.*, 101 Cal.App. 382 [281 P. 639]. In response to appropriate pleadings, the court found that the plaintiff and defendants entered into an oral agreement, which later was reduced to writing, whereby the plaintiff agreed to furnish his services

as an industrial designer in connection with the construction of a residence for the defendants; that the fee payable for such services was 10 per cent of the cost of construction, or 10 per cent of the estimated cost of construction if construction was not started; that the plaintiff performed services as an industrial designer with respect to a proposed residence for the defendants; that a bid was received for the construction of such proposed residence in the amount of $92,904; that the defendants refused to proceed with such construction and thereby terminated their contract with the plaintiff; that the reasonable value of the services rendered by the plaintiff pursuant to his contract was the sum of $6,503; that the defendants theretofore had paid him $1,140 on account; and that the sum of $5,363 remained unpaid. Judgment in favor of the plaintiff and against the defendants was entered accordingly.

The judgment in question was the second judgment in this action. A previous judgment in favor of the plaintiff for the same amount, entered after a trial before another judge, was set aside on defendants' motion for a new trial. By stipulation, the judge presiding at the trial resulting in the judgment from which this appeal has been taken decided the issues involved upon the testimony introduced at the first trial, as presented by a reporter's transcript thereof.

The defendants contended that the plaintiff agreed to prepare and furnish plans and specifications for a residence that would not cost more than $38,000. The court found that this was not true.

On appeal, the defendants contend that the evidence is insufficient to support the latter finding and also is insufficient to support the finding that the services rendered by the plaintiff were of the reasonable value of $6,503. They concede that if there is any substantial evidence in support of these findings the judgment must be affirmed, and then proceed to argue the weight of the evidence upon the theory that such an attack is directed to its substance. Their contentions are without merit. It is not necessary that we set forth in detail the evidence pro and con on these issues. (*Fomco, Inc.* v. *Joe Maggio, Inc.*, 55 Cal.2d 162 [10 Cal.Rptr. 462, 358 P.2d 918]; *Edwards* v. *Container Kraft Carton etc. Co.*, 161 Cal. App.2d 752 [327 P.2d 622].) We have examined the record in the light of the objections urged by the appellants and find that the determination of the trial court is supported by substantial evidence.

Although there was adequate evidence to support the defendants' position that the plaintiff had promised to design a residence for them that would not cost over $38,000, the existence thereof merely created a conflict with other evidence which supports the finding as made and does not justify interference with the judgment based on that finding. (*Grainger* v. *Antoyan*, 48 Cal.2d 805, 807 [313 P.2d 848]; *Estate of Teel*, 25 Cal.2d 520, 525-527 [154 P.2d 384]; *Garrick* v. *J.M.P., Inc.*, 150 Cal.App.2d 232, 236 [309 P.2d 896].) From the latter evidence it would appear that in the initial stages of plaintiff's employment the defendants indicated to him that they would like to build a residence costing in the neighborhood of $38,000; that at this time he told them he *could* design a house for them for $38,000, but he never agreed that he *would* design such a house for $38,000; that some preliminary plans were prepared with the $38,000 figure in mind; that the defendants made suggestions which increased the size of the residence proposed by these plans and caused other changes and additions to be made therein; these suggestions were incorporated in subsequently prepared plans; that the probable resultant increase in the cost due to the acceptance of these suggestions was obvious; that on several occasions when the plaintiff presented the defendants with preliminary plans increasing the area, he told them the house could not be built for $38,000; that between 11 and 12 preliminary plans were prepared over a period of several months; that the written contract executed by the parties made no reference to the $38,000 condition; and this omission is particularly significant in view of the provision therein that:

"Preliminary estimates will be provided when requested, and endeavor will be made to keep the actual cost of the work as low as may be consistent with purpose of the building and with proper workmanship and material but no such estimate can be regarded as other than an approximation."

The defendants claim that the services rendered by the plaintiff were of no value to them because the construction bid on the plans finally approved amounted to $92,904, whereas they were desirous of building a residence which would not cost over $38,000. In this regard they relied upon and cited the decision in *Rowell* v. *Crow*, 93 Cal.App.2d 500 [209 P.2d 149], which involved an action by an architect against owners of property who wished to build a hotel building, to recover for services rendered in preparing plans and specifications for such a building, and which sustained a judgment

in favor of the owners because it had been agreed between the parties that the plans and specifications would be so drawn that the building would not cost more than $250,000, whereas the lowest construction bid therefor was $598,819. However, contrary to the situation in the case at bar, in the cited case the trial court found that the architect had agreed to prepare plans and specifications which would provide for construction of a building at a designated cost.

The contention that there is no substantial evidence that the services rendered by the plaintiff were of the reasonable value of $6,503 also is without merit. An attack is made upon the competency of the testimony of an expert witness, an architect, that in his opinion the reasonable value of the services rendered by the plaintiff was the sum of $8,361.36. Even if this evidence be disregarded, there remains the testimony of the plaintiff that the services he rendered were of the reasonable value of $7,054.12, including job expense items in the sum of $470.60, production personnel costs, such as consultant services, for which he paid out the sum of $1,616.81, overhead expenses in the sum of $2,525.21, and 325 hours of personal services at the rate of $7.50 per hour, amounting to $2,437.50.[1]

The evidence portrays a satisfactory description of the nature, type and extent of the services rendered; the time consumed; and the drawings and plans produced. The finding in question is adequately supported.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

---

[1]A $4.00 error in addition should be noted, but is of no consequence.