[Civ. No. 10308. Fourth Dist., Div. One. Apr. 27, 1971.]

OHIO CASUALTY INSURANCE COMPANY,
Plaintiff and Appellant, v.
NORTHWESTERN MUTUAL INSURANCE COMPANY et al.,
Defendants and Respondents.

**COUNSEL**

Casey, McClenahan & Fraley and Thomas W. Hauser for Plaintiff and Appellant.

Higgs, Jennings, Fletcher & Mack, Jones, Irving & Estes and Joel C. Estes for Defendants and Respondents.

**OPINION**

**COUGHLIN, J.**—Plaintiff paid an insurance loss covered by a binder agreement; sought recovery of part of the loss from defendants under a policy of insurance issued by defendant Northwestern Security Insurance Company, hereinafter referred to as Security; and appeals from judgments declaring the latter policy had been cancelled effectively before the loss occurred.

Two judgments were entered in the action, one on August 5, 1969 and the other on September 2, 1969. The first judgment was entered without

filing findings of fact and conclusions of law, although plaintiff had requested such pursuant to and within the time prescribed by Code of Civil Procedure section 632 and rule 232 of California Rules of Court. Thereafter findings of fact and conclusions of law were filed. Following this the second judgment was entered.

Plaintiff appealed from both judgments contending it was error to enter the first judgment without findings of fact, and it was error to enter the second judgment as there may only be one judgment in an action, and the court had no authority to modify the first judgment by a second judgment.

A judgment entered without findings where findings are required is a nullity and is superseded by a subsequent judgment based on findings. (*Supple* v. *Luckenbach,* 12 Cal.2d 319, 322 [84 P.2d 52]; *Estate of Hewitt,* 160 Cal.App.2d 584, 587 [325 P.2d 113]; *Petroleum Midway Co.* v. *Zahn,* 62 Cal.App.2d 645, 652 [145 P.2d 371].) Contrary to plaintiff's contention, the second judgment did not modify the first judgment. The judgment of September 2, 1969, was the only valid judgment in the case. (*Hulbert* v. *All Night and Day Bank,* 29 Cal.App. 765, 767 [157 P. 546].) In light of the circumstances, the appeal from the judgment entered August 5, 1969, is moot and, for this reason, should be dismissed.

The facts in the case on its merits will be stated in accord with the rule on appeal; the evidence most favorable to the judgment is accepted whereas the evidence supporting a contrary conclusion is rejected. (*Shields* v. *Shields,* 200 Cal.App.2d 99, 102 [19 Cal.Rptr. 129]; *Apparel Mfrs. Supply Co.* v. *National Auto. & Cas. Ins. Co.,* 189 Cal.App.2d 443, 453 [11 Cal.Rptr. 380].)

On March 2, 1966, Security issued its policy of automobile insurance to Ronald Stolberg covering a 1966 Ford automobile, in reliance upon information in an application by the latter he had no accidents and only one traffic citation within the previous three years. In due course the premium for the policy was paid by or on behalf of the insured. Following receipt of the application for insurance, Security conducted an investigation respecting the information contained therein and learned the representation Ronald had no accidents and only one traffic citation within the previous three years was false; learned he, in fact, actually had six traffic citations and two accidents within that time; and thereafter requested its general agent, Joseph S. Zboray, to obtain the policy for cancellation because of the false representations in the application. On March 29, 1966, the general agent notified Ronald's father, Ralph Stolberg, who had been instrumental in negotiating issuance of the policy to his son, Security requested surrender of the policy for cancellation because of the misrepresentations respecting

Ronald's traffic and accident record. Ralph discussed the matter with his son Ronald, who had possession of the policy. The latter agreed the policy should be returned for cancellation and, on April 4, 1966, gave it to his father who, in turn, caused it to be delivered to the general agent on the same date. The court found the policy was terminated by mutual agreement and consent of the parties; and was effectively cancelled by its surrender on April 4, 1966. The general agent mailed the policy to Security and the latter received it on April 6, 1966.

Plaintiff issued its binder of automobile liability insurance to Ronald on April 6, 1966, covering the same 1966 Ford automobile previously covered by Security's policy. On April 9, 1966, Ronald was involved in an automobile accident while driving the Ford, resulting in liability for claims which plaintiff paid. On May 17, 1966, plaintiff issued to Ronald its policy of automobile insurance effective April 6, 1966, i.e., the date of the binder agreement.

Plaintiff claimed the policy issued by Security to Ronald had not been cancelled effectively and sought a pro rata recovery of its loss pursuant to appropriate provisions in that policy.

The issue on appeal is whether the evidence supports the finding Security's policy was cancelled before the accident occurred on April 9, 1966.

In the main plaintiff's contentions on appeal concern a lack of compliance with policy and statutory provisions respecting cancellation. These contentions are directed to a unilateral cancellation of a policy by an insurer and are inapplicable to the case at bench which involved a cancellation by mutual agreement of the insured and insurer.

■ An insurance policy may be cancelled by mutual agreement of the insurer and insured, expressed or implied. (*Glens Falls Ins. Co.* v. *Founders' Ins. Co.*, 209 Cal.App.2d 157, 168 [25 Cal.Rptr. 753, 3 A.L.R.3d 1058]; *Apparel Mfrs. Supply Co.* v. *National Auto. & Cas. Ins. Co., supra,* 189 Cal.App.2d 443, 459; *Kast* v. *Dubuque Fire etc. Ins. Co.,* 112 Cal.App. 125, 132 [296 P. 324]; *Stevenson* v. *Sun Insurance Office,* 17 Cal.App. 280, 288 [119 P. 529]; see also *Barrera* v. *State Farm Mut. Automobile Ins. Co.,* 71 Cal.2d 659, 681 [79 Cal.Rptr. 106, 456 P.2d 674]; *Strauss* v. *Dubuque F. & M. Ins. Co.,* 132 Cal.App. 283, 293 [22 P.2d 582]; gen. see *Steelduct Co.* v. *Henger-Seltzer Co.,* 26 Cal.2d 634, 647 [160 P.2d 804].) Cancellation by mutual agreement is effected independently of the existence of conditions authorizing cancellation under the provisions of the policy

(*Apparel Mfrs. Supply Co.* v. *National Auto. & Cas. Ins. Co., supra,* 189 Cal.App.2d 443, 459); of compliance with the statutory requirements essential to cancellation by the insurer (cf. *Barrera* v. *State Farm Mut. Automobile Ins. Co., supra,* 71 Cal.2d 659, 663, fn. 3); or of the statutory proceedings authorizing a rescission. (*Glens Falls Ins. Co.* v. *Founders' Ins. Co., supra,* 209 Cal.App.2d 157, 168; *De Campos* v. *State Comp. Ins. Fund,* 122 Cal.App.2d 519, 529 [265 P.2d 617]; cf. *Barrera* v. *State Farm Mut. Automobile Ins. Co., supra,* 71 Cal.2d 659, 681.)

■■ The finding by the trial court Security's policy was terminated by mutual agreement and consent of the parties is supported by inferences reasonably deducible from substantial evidence. The fact the evidence also supports contrary inferences is not a ground for reversal under the rule on appeal heretofore noted.

Plaintiff's contention Ronald's surrender of the policy was not voluntary is premised on arguments directed to the weight of the evidence rather than its sufficiency under the general rule on appeal. The court found Ronald voluntarily gave the policy to his father for the purpose of surrendering it for cancellation. This finding is supported by substantial evidence. In this regard it should be noted "the surrender of a policy of insurance by the insured and its acceptance by the insurer is usually *prima facie* evidence of cancellation." (*Stevenson* v. *Sun Insurance Office, supra,* 17 Cal.App. 280, 288; *Kast* v. *Dubuque Fire etc. Ins. Co., supra,* 112 Cal.App. 125, 132.)

■ In light of the foregoing conclusions, we need not consider the merits of plaintiff's attack upon a finding Ralph Stolberg was an agent of Ronald Stolberg with authority to handle the latter's insurance matters, including cancellation of insurance policies. The finding of agency is not essential to the judgment which is adequately supported by other facts. (Gen. see *Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].)

■ Plaintiff's contention the policy was not cancelled before the accident giving rise to the loss occurred also is premised on arguments directed to the weight of the evidence contrary to the established rule on appeal. It is not the province of this court to direct plaintiff's attenion to evidence establishing the fallacy of its contention. (*White* v. *Kanrich,* 201 Cal.App.2d 356, 358 [20 Cal.Rptr. 37]; *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 6 [19 Cal.Rptr. 82]; *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 309 [287 P.2d 169].)

The appeal from the judgment entered August 5, 1969, is dismissed; the judgment entered September 2, 1969, is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.

A petition for a rehearing was denied May 12, 1971, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1971. Peters, J., was of the opinion that the petition should be granted.