[No. 9805. Department One. — December 28, 1886.]

JOHN THOMAS, APPELLANT, v. ELIZABETH ENG-LAND ET AL., RESPONDENTS.

PRESCRIPTION — TITLE BY HOW ACQUIRED — OCCUPANCY. — Section 1007 of the Civil Code, providing that "occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription," merely fixes the time in which a right by prescription shall be acquired, but does not alter the requisites which before the Code were essential to the growth of a prescriptive right.

ID. — PRESCRIPTIVE RIGHT OF WAY — ESSENTIAL REQUISITES TO ACQUISITION OF — LICENSE. — In order to acquire a right of way by prescription, the claimant must have been in the adverse, continuous, open, and peaceable occupancy thereof for five years under a claim of right, and not merely by the consent, permission, or indulgence, express or implied, of the owner of the alleged servient estate.

ID. — ADVERSE USER A QUESTION OF FACT. — The question whether or not the user of an alleged right of way was adverse, or with the implied license of the owner of the alleged servient estate, is one of fact, to be determined in the light of the relations between the parties and all the surrounding circumstances.

APPEAL from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion.

*Montgomery & Scott,* and *Brotherton & Herrington,* for Appellant.

*N. C. Briggs,* for Respondents.

SEARLS, C.—This is an action to establish a right of way over the land of defendants, and to bar and enjoin them from closing or obstructing the same.

The claim of plaintiff is, that on the first day of September, 1874, he entered upon the land over which the right of way is claimed, constructed a roadway thereon, and thence hitherto, until the 14th of February, 1884, maintained said roadway, and continuously maintained the same under a claim of right adversely to the defendants and their predecessors. .

The answer denies the adverse user of the right of way, avers that it was by permission of the owner of the land, and states facts which, if true, would constitute a license from the owner to plaintiff.

Certain interrogatories were submitted to a jury, and passed upon by them. The court adopted these findings, and prepared others in addition thereto, upon which judgment was rendered in favor of defendants. Plaintiff appeals from the judgment.

Respondents move to dismiss the appeal upon the grounds: —

1. That it does not appear that the notice of appeal was ever filed.

2. That it does not appear that the notice, if filed, was filed before the filing of the undertaking on appeal herein.

The objections are met by the record and certificate of the clerk of the court below, showing the notice of appeal to have been filed October 18, 1884, and that the undertaking on appeal was filed the same day. The motion to dismiss should be denied.

In former times, prescription implied a claim to an incorporeal hereditament arising from the same hav-

ing been enjoyed for so long a time that there was no existing evidence as to the period when such user and enjoyment commenced.

Its origin must have been at a time " whereof the memory of man runneth not to the contrary."

Prescription, as known to the common law, applied to the manner of acquiring or losing a *right* by the effect of the lapse of time, as contradistinguished from the mode of acquiring title to a thing itself, by the effect given to a long possession or enjoyment of it.

The former applied to intangible rights capable of enjoyment without title to the thing out of which they flow or to which they attach, while the latter related to the thing itself.

Prescription, as understood and interpreted in modern times, raises a legal presumption of title under a grant, but is not conclusive, and may be rebutted by other evidence. (1 Greenl. Ev., sec. 17; *Sargent* v. *Ballard,* 9 Pick. 251; *Corning* v. *Gould,* 16 Wend. 531.)

In this state, however, under section 1007 of the Civil Code, "occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all."

This section merely fixes the time in which a right by prescription shall be acquired, but does not alter the requisites which before the code were essential to the growth of a prescriptive right. (*Woodruff* v. *N. B. G. M. Co.,* 9 Saw. 441.)

The user must be adverse to the true owner. (*Anaheim W. Co.* v. *Semi-Tropic W. Co.,* 64 Cal. 185.)

If the user must be adverse, then it must be accompanied by the elements required to make out an adverse possession.

These elements were well stated in *Unger* v. *Mooney,* 63 Cal. 595, as follows:—

"1. The possession must be by actual occupation, open and notorious, not clandestine.

"2. It must be hostile to the plaintiff's title.

"3. It must be held under a claim of title, exclusive of any other right as one's own.

"4. It must be continuous and uninterrupted for a period of five years prior to the commencement of the action.

"5. Since the passage of the proviso to section 325 of the Code of Civil Procedure in 1878, payment of taxes."

From the findings, it appears that William Thomas, deceased, and the plaintiff herein were twin brothers, living upon adjoining land, to which they had applied for title from the government of the United States.

The brothers sustained toward each other relations of a mutually friendly character.

In going to and coming from the nearest highway leading to Hollister, plaintiff was accustomed from September 1, 1874, to February, 1884, to pass over the land of William.

This was-done by the implied assent of William.

Plaintiff graded the road, and William placed gates thereon.

Plaintiff claimed the right to use such road, but never informed William of such claim, and he was never aware thereof, nor were his heirs aware of such claim until 1883.

William Thomas died January 4, 1880, leaving as his only surviving heirs his widow, Elizabeth, and a son, A. B. Thomas, then and now a minor under the age of eighteen years.

A patent issued from the government of the United States to the heirs of William Thomas, dated May 1, 1875, but such patent was not delivered to the heirs until November, 1882.

Plaintiff offered to purchase the right of way from the heirs of William Thomas, deceased, but the date of such

offer can only be determined inferentially from the findings.

To perfect an easement by occupancy for five years, the enjoyment must be *adverse, continuous, open, peaceable.*

It must be *adverse,* and under claim of a legal right so to do, and not by the consent, permission, or indulgence merely of the owner of the alleged servient estate.

This is quite obvious in cases where the consent, permission, or license is expressly given.

But it is no less true where the permission or license is implied, as it may well be from the facts and circumstances under which the use was enjoyed. (*Bradley Fish Co.* v. *Dudley,* 37 Conn. 136.)

The question is one for the jury, or for a court sitting as such, to determine as a fact in the light of the relations between the parties and all the surrounding circumstances. (*Putnam* v. *Bowker,* 11 Cush. 542.)

The finding of the court is, that the right of plaintiff to pass over the land was always with the implied permission of William Thomas, his heirs and personal representatives.

In the absence of the testimony, we are bound to suppose there was evidence sufficient to support this and other findings, and they are sufficient to support the judgment, and defeat plaintiff's right to recover.

We are of opinion the judgment of the court below should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed, and the motion to dismiss the appeal is denied.