[L. A. 25514.   In Bank.   Jan. 24, 1961.]

FOMCO, INCORPORATED (a Corporation), Respondent, **v.** JOE MAGGIO, INC. (a Corporation) et al., Appellants.

Musick, Peeler & Garrett and Bruce E. Clark for Appellants.

McCarroll & McCarroll, Neil G. McCarroll and Louis W. Lawson for Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff in an action to recover damages for breach of a contract for the sale of carrot crops.

*Facts*: October 1, 1957, a written contract was entered into between Joe Maggio, Inc., as seller, and Fomco, Inc., as buyer, under which the seller agreed to sell, and the buyer agreed to buy, during the 1957-1958 carrot season in Imperial County, approximately 4,000 tons of carrots for the sum of $40,000, payable $20,000 down, $10,000 on or before November 1, 1957, and $10,000 on or before December 1, 1957.

The seller represented that it had the right of exclusive possession of all fields in said county which were to be harvested. The carrots were to be delivered by the seller to the buyer in the field unharvested, at a specified rate of delivery, and the seller agreed to notify the buyer immediately upon the beginning of the harvesting season. The buyer was given the right to enter any of the seller's fields and to do harvesting therein. The seller warranted and represented that it had title to all carrots to be delivered under the agreement, and

the buyer agreed to cause the carrots to be harvested and to pack and sell the same.

The contract further provided that if it developed that more than 4,000 tons had been delivered to the buyer during the season, it would pay for the additional tonnage at the rate of $10 per ton. If the crop proved to be less than 4,000, rebate was to be made to the buyer at the rate of $10 per ton.

Net proceeds were to be divided equally between the buyer and the seller, the buyer to keep and submit itemized accounts. Packing charges were fixed and specified. Risk of loss on the crop was to rest with the seller until the same had been actually harvested, the seller to share no losses incurred through sales of carrots.

Provision was made for award of a reasonable attorney's fee against the losing party in any action brought to enforce the terms of the agreement.

The contract was signed on behalf of Joe Maggio, Inc., by Joe Maggio, who was president of the corporation.

Carrots proved to be scarce and the price very high that season (as high as $90 a ton for topped carrots) ; and Maggio deliberately refused to permit plaintiff to harvest, and prevented him from harvesting, more than 2,312.3 tons.

The trial court gave judgment in favor of plaintiff (1) in the sum of $30,395.64 against Joe Maggio, Inc., a corporation, and Joe Maggio, an individual; and (2) in an additional amount of $5,000 against the corporate defendant for attorney's fees.

Defendants contend:

First. *That the evidence is insufficient to support the finding that the written contract of October 1, 1957, signed by both parties, was in fact the contract agreed upon.*

This contention is devoid of merit. We have examined the record and are of the opinion there was substantial evidence, considered in connection with such inferences as the trial court may have reasonably drawn therefrom, to sustain each and every material finding of fact upon which the judgment in favor of plaintiff was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Damiani* v. *Albert,* 48 Cal.2d 15, 18 [306 P.2d 780] ; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 P. 399] ; *Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [1] [56 P.2d 549] ; *Koeberle* v. *Hotchkiss,* 8 Cal.App.2d 634, 638 [2] [48 P.2d 104].)

Second. *That plaintiff cannot recover because it did*

*not have a license as a "dealer" or a "cash buyer," as required by section 1263 of the Agricultural Code.\**

This contention is also devoid of merit. The defense of illegality was not raised in the trial of the action, and no evidence was introduced on the subject of whether or not plaintiff had a license.

Upon motion for a new trial, defendants for the first time attempted to raise the issue of illegality. An affidavit of Bruce E. Clark, one of defendants' counsel, supporting the motion, recited a request addressed to the Department of Agriculture, November 14, 1958 (a date after the entry of judgment) "with respect to the license status of Fomco Incorporated." A certificate by Leona Miller, Supervising Clerk, Bureau of Market Enforcement, dated November 14, 1958, certifying that her search of the records did not disclose that Fomco, Inc., was ever licensed, was attached to the affidavit.

A new trial on the ground of newly discovered evidence will be granted only where the affidavit in support thereof recites facts showing that the evidence could not, with reasonable diligence, have been discovered and produced at the trial. (Code Civ. Proc., § 657, subd. 4; *Slemons* v. *Paterson*, 14 Cal.2d 612, 616 [6] [96 P.2d 125]; *Estate of Magerl*, 201

---

\*At the time here involved, the Agricultural Code provided as follows:

"No person shall act as a commission merchant, dealer, broker, cash buyer, or agent without having obtained a license as provided in this chapter. . . ." (Agr. Code, § 1263.)

". . . (b) The term 'producer' means any person engaged in the business of growing or producing any farm product.

". . . . . . . . .

"(d) The term 'consignor' includes any person who ships or delivers to any commission merchant or dealer any farm products for handling, sale or resale.

". . . . . . . . .

"(f) The term 'dealer' means any person other than a commission merchant or cash buyer who solicits, contracts for or obtains from the producer thereof title, possession or control of any farm product, or who buys or agrees to buy any farm product from the producer thereof.

"(g) The term 'broker' means any person, other than a commission merchant, or dealer, or cash buyer, who negotiates the purchase or sale of any farm product; provided, however, that no broker may handle either the farm product involved or the proceeds of a sale.

"(h) The term 'cash buyer' means any person other than a commission merchant, or dealer, or broker who obtains from the producer thereof, title, possession or control of any farm products, or who contracts for the title, possession, or control of any farm products, or who buys or agrees to buy any farm products, by paying to the producer at the time of obtaining possession or control, or at the time of contracting for the title, possession, or control of any farm products, the full agreed price of such farm products in coin or currency, lawful money of the United States." (Agr. Code, § 1261.)

Cal. 162, 169 [7] [256 P. 204] ; *Estate of Cover,* 188 Cal. 133, 149 [14] [204 P. 583] ; 3 Witkin, California Procedure (1954), § 14, pp. 2058 et seq.)

In the present case there was no showing of diligence upon the part of defendants before trial. In fact, none could have been made, since the fact was a matter of public record open to defendants' discovery at any time upon inquiry or examination of the records. (*Cf. Weimer* v. *Lowery,* 11 Cal. 104, 113; *Rubin* v. *DeLao,* 110 Cal.App.2d 345, 348 [3] [242 P.2d 360] ; *Moore* v. *McDonald,* 122 Cal.App. 61, 71 [4] et seq. [9 P.2d 556].)

*Lewis & Queen* v. *N. M. Ball Sons,* 48 Cal.2d 141 [308 P.2d 713], relied on by defendants, is not here in point. In that case the issue of illegality was first raised *during the trial* and not for the first time on a motion for a new trial.

None of the decided cases hold that after a judgment has been entered without any evidence having been introduced establishing illegality, the court must grant a motion for a new trial on the ground of newly discovered evidence of illegality even though the moving party has failed to show the exercise of the diligence required by section 657, subdivision 4, of the Code of Civil Procedure.

The right to a new trial is purely statutory, and a motion for a new trial can be granted only on one of the grounds enumerated in the statute. (*Diamond* v. *Superior Court,* 189 Cal. 732, 736 [210 P. 36] ; 3 Witkin, California Procedure (1954), § 7, p. 2051.)

There is likewise no merit in defendants' argument that the burden of proving possession of the license was on plaintiff and that its failure to do so would support a finding of illegality. The applicable sections of the Agricultural Code put no such duty on plaintiff. In the absence of such a legislative requirement, the burden of negativing illegality is not with the plaintiff.

In view of our conclusions, it is unnecessary to discuss other points argued by counsel.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Appellants' petition for a rehearing was denied February 21, 1961.