[Sac. No. 7849. In Bank. Jan. 27, 1970.]

ANGELINE TAORMINO, Plaintiff and Appellant, v.
NEAL J. DENNY, Defendant and Respondent.

**COUNSEL**

Steel & Arostegui and Robert W. Steel for Plaintiff and Appellant.

Hewitt, McBride, Kenward & Lane and James R. McBride for Defendant and Respondent.

## OPINION

**TRAYNOR, C. J.**—Plaintiff brought this proceeding for an injunction and to quiet her title to a road over which defendant claimed both an easement by prescription and a right to pass by virtue of an implied dedication to the public. On September 19, 1966, the court entered judgment for plaintiff quieting her title to the road and enjoining any occupancy or trespass by defendant.

The court found that the road had existed on plaintiff's property since 1910 or before, that defendant had frequently used the road without plaintiff's consent and claimed an interest in the road adverse to plaintiff's title. The court also found that defendant acquired his property adjoining plaintiff's in 1964 and that his immediate predecessor in title had never claimed a right of way over the road, but had asked for and received permission to use the road whenever he made use of it. None of defendant's predecessors in title had made use of the road under a claim of right or adversely to plaintiff's title sufficient to establish any legal claim, and there had never been a formal or implied dedication of the road to public use.

A hearing on defendant's motion for new trial was held on November 10, 1966. Thereafter, the court filed a "Ruling on Motion for New Trial" ordering that the matter be reopened for testimony of defendant's predecessor in title only but not of any other witnesses already heard. A hearing was held on February 27, 1967. On March 14, 1967, the court filed a memorandum opinion adopting the previous judgment in its entirety. On April 3, 1967, defendant filed a second notice of intention to move for a new trial. On August 4, 1967, however, the court filed another memorandum opinion modifying the "original Opinion" and holding that defendant had a right to use the road for purposes related to farming operations on his land and that defendant must share in the maintenance and upkeep of the road. New findings of fact and conclusions of law were filed, and on October 10, 1967, judgment was entered in conformity with the modified opinion. Plaintiff appeals from that part of the October 10, 1967 judgment awarding defendant an easement in the road.

Plaintiff contends that the trial court lacked jurisdiction to modify the judgment of September 19, 1966 and that, if it had jurisdiction, there *is no evidence to support the court's finding that the use of the road by* defendant and his predecessor in title was adverse to her title. She also

contends that the judgment is ambiguous in failing to specify whether the easement was conditioned on payment by defendant of a part of the maintenance expense, and, if so, what that share is, to whom it is to be paid, and, in what state of repair the road is to be maintained. We have concluded that none of the foregoing contentions has merit and that the judgment should be affirmed.

### *Jurisdiction to Enter the Judgment of October 10, 1967*

The suggestion that the court lacked jurisdiction to enter the judgment of October 10, 1967 is based on Code of Civil Procedure section 660 governing motions for a new trial. At the time this action was commenced the relevant part of that section read: "Except as otherwise provided in Section 12a of this code, the power of the court to pass on motion for a new trial shall expire 60 days from and after service on the moving party of written notice of the entry of the judgment, or if such notice has not theretofore been served, then 60 days after filing of the notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court. A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk."

Plaintiff contends that the trial court never ruled on defendant's motion for a new trial and therefore lacked jurisdiction to make further orders granting relief under section 660 subsequent to the denial of the motion by operation of law 60 days from September 19, 1966, the date upon which notice of entry of judgment was mailed. ■ This argument denies any effect to the order of November 10, 1966, made within the 60-day period and titled by the court "Ruling on Motion for New Trial." That order directing that the proceedings be reopened was a "ruling on the motion" within the meaning of both section 660 and section 662 of the Code of Civil Procedure. Section 662 governs the powers of a court ruling on a motion for new trial and provides specifically: "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, *in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered.*" (Italics added.)

Plaintiff concedes that the court did reopen the proceedings, but contends

that it did not vacate the findings and judgment pursuant to section 662. ■ The failure of the trial court to include language directing vacation of its prior findings and judgment in the ruling on the motion for new trial cannot lessen the effect of that ruling. The court ordered that the matter be reopened. Section 662 provides that when a case is reopened in lieu of granting a new trial, the effect is the same as if the case had been reopened before the findings had been filed or judgment entered. It follows that an order made pursuant to section 662 directing that a case be reopened has the effect of vacating the findings and judgment. Inasmuch as the matter was returned to the posture in which it was prior to entry of judgment, the motion for new trial had been disposed of and the provisions of section 660 no longer applied.[1]

Defendant filed his second notice of intention to move for a new trial on April 3, 1967, prior to entry of judgment. The motion was denied by operation of law on June 2, 1967, when the court failed to act on the motion. ■ Although the court lost jurisdiction to act on that motion 60 days after the motion was filed, its jurisdiction to enter judgment in the reopened proceedings was in no way affected. ■ The fact that the judgment was not in conformity with the memorandum opinion of March 14, 1967, does not affect the validity of the judgment. A memorandum opinion is not a decision. Although it may purport to decide issues in the case, it is merely an informal statement of the views of the trial judge. It does not constitute findings of fact. (*People* v. *Hills* (1947) 30 Cal.2d 694, 702 [185 P.2d 11]; *De Cou* v. *Howell* (1923) 190 Cal. 741, 751 [214 P. 444]. See 3 Witkin, Cal. Procedure (1954) p. 1873.) ■ " 'No antecedent expression of the judge, whether casual or cast in the form of an opinion, can in any way restrict his absolute power to declare his final conclusion . . . by filing the "decision" (findings of fact and conclusions of law) provided for by . . . the Code of Civil Procedure.' (*Scholle* v. *Finnell,* 173 Cal. 372, 376 [159 P. 1179].)" (*Strudthoff* v. *Yates* (1946) 28 Cal.2d 602, 616 [170 P.2d 873].)

### Sufficiency of the Evidence of An Easement by Prescription

The findings of fact and conclusions of law accompanying the judgment of October 10, 1967, recited that the plaintiff was the owner in fee simple

---

[1]Plaintiff's claim that the court denied the motion for new trial on March 14, 1967 is not supported by the record. The memorandum opinion of that date read: "On Order of the Court, the above entitled matter was set for further hearing to determine if any further evidence would alter the Opinion heretofore rendered in favor of the plaintiff.

"The Court is satisfied that further evidence indicates that the previous ruling of the Court in this matter should not be disturbed.

"Counsel for plaintiff shall prepare the necessary documents."

of the road in issue, that defendant was the owner in fee simple of real property adjoining the road, and that: "It is true that defendant, without plaintiff's consent or permission frequently enters upon said roadway and uses the same for the purposes of conducting his farming operations, that is to say, for the purposes of cultivation and harvesting the crops produced on said real property . . . [D]efendant's predecessor in title . . . M. Thome . . . used said road for the purpose of cultivating his said property and harvesting the crops thereon for more than ten years prior to the commencement of this action, which said use had been conducted openly, notoriously, continuously and adverse to plaintiff's alleged rights in said roadway, and without asking or receiving permission from anyone, that is to say, either the plaintiff herein, or plaintiff's predecessors in interest."

The following evidence relative to the use of the road by defendant and his predecessor in title, Matt Thome, was adduced at the trial. Plaintiff is the owner of farm property on the Oroville Highway in Yuba County. She purchased the property in 1943. She and her late husband had first leased the property in 1937. Defendant purchased the farm property immediately south of that owned by plaintiff in 1964 from Matt Thome who had owned it since 1946. At the time Thome acquired his property a road existed on plaintiff's property. The road ran in a westerly direction from the highway along the southern boundary of plaintiff's property. The road had at one time been fenced on each side, but the fence along the north side was no longer there when plaintiff purchased her property. The fence along the south side was removed sometime after Matt Thome purchased the land later conveyed to defendant.

The road was used by both strangers and local residents to reach farms to the west of plaintiff's property and by occasional hunters and fishermen to gain access to the bottomlands of the Feather River. At times the road had been posted at the Oroville Highway entrance. Plaintiff and her son-in-law, Roger Hoon, stopped strangers using the road to ascertain whether they had legitimate business, but did not stop neighbors.

Plaintiff and Hoon testified that they had posted "No Trespassing" signs twice, that Thome had requested permission to use the road at harvest time and on numerous other occasions, and that permission had been granted. In June 1965, Hoon presented a letter drafted by plaintiff's attorney to Thome for signature. The letter, signed by Thome, acknowledged that Thome had no claim to a right of way over the road, had never made such a claim and had not represented to defendant that defendant would have such a claim.[2] Thome testified that he had no permission to use the

---

[2]The letters reads: "Dear Mrs. Taormino:

"You have told me that you are planning possible improvements to the road which

road and had never spoken to plaintiff about the use of the road. He used the road frequently for at least 10 years without asking permission of anyone, knowing it was on plaintiff's property. The road was closed only when repairs were being made. He had signed the letter believing its purport to be that he had not given defendant any right to the road. He had never seen signs posted by others limiting the use of the road, although he had posted one himself at one time.

Defendant testified that he and other users of the road paid to have it oiled and sanded in 1964. He refused to make an additional contribution later in that year when requested to do so by plaintiff and, in response to her threat to put a chain across the road, asserted his claim to a right of way.

Other defense witnesses offered cumulative testimony that they had often used the road without permission and had not seen "No Trespassing" signs.

If substantial evidence supports the judgment that defendant acquired an easement or right of way in the roadway by prescription, the judgment must be affirmed. ■ All conflicts must be resolved in favor of the prevailing party and the evidence viewed in the light most favorable to him. (*O'Banion* v. *Borba* (1948) 32 Cal.2d 145, 147-148 [195 P.2d 10].) ■ The elements necessary to establish a prescriptive easement are, with the exception of the requirement that taxes be paid,[3] identical with those required to prove acquisition of title by adverse possession: open and notorious use or possession that is continuous and uninterrupted, hostile to the true owner, and under a claim of right. (*Thomas* v. *England* (1886) 71 Cal. 456, 459-460 [12 P. 491].) Such use for the five-year statutory period of Code of Civil Procedure section 321[4] confers a title by prescription. (Civ. Code, § 1007.)[5]

---

runs westerly from the Oroville Highway along the southerly border of your ranch, and immediately to the north of my property. You have also told me that, in connection with a cost sharing scheme that is being worked out for the road, your attorney has said that it would be helpful to you if I acknowledged that I do not have and that I have never made a claim to a right of way over that road. This I am happy to do.

"When I sold a portion of my property to Mr. Denney about a year ago, I afforded Mr. Denney other access to the property I sold him, and I at no time represented to him that he would have any right of way over your road."

[3]Taxes need not be paid by the claimant of an easement by prescription in the absence of a showing by the record owner that taxes were separately levied on the easement. (*Glatts* v. *Henson* (1948) 31 Cal.2d 368, 372 [188 P.2d 745].)

[4]Code of Civil Procedure section 321: "In every action for the recovery of real property, or the possession thereof, the person establishing a legal title to the property is presumed to have been possessed thereof within the time required by law, and the occupation of the property by any other person is deemed to have been under and in subordination to the legal title, unless it appear that the property has been held and possessed adversely to such legal title for five years before the commencement of the action."

[5]Civil Code section 1007: "Occupancy for the period prescribed by the Code of

Plaintiff contends that none of the requisite elements of adverse possession exist. ■ The foregoing summary of the evidence, however, leads us to conclude that substantial evidence supports the judgment of the trial court as to each element. Direct evidence established both the requisite open, continuous use and the nature of the use for purposes related to cultivation and harvesting crops on defendant's property. ■ Whether the use was under a claim of right adverse to the owner is a question of fact. (*O'Banion* v. *Borba, supra,* 32 Cal.2d 145, 149.) The trial court was not compelled to accept either plaintiff's evidence or Thome's conclusion as expressed in his letter as to the nature of the use. (*Blank* v. *Coffin* (1942) 20 Cal.2d 457, 461 [126 P.2d 868].) Thome's testimony and letter were susceptible of conflicting inferences—that the use was permissive and a matter of neighborly accommodation, or that his use of the road over a 10-year period without asking permission adequately demonstrated a claim of right to do so. ■ The trial court is the arbiter of the facts, and this court cannot upset its decision as a matter of law when substantial evidence supports the judgment.

### Ambiguity of the Judgment

Plaintiff complains that the judgment fails to specify whether defendant's right to use the road is conditioned on his payment of his share of the maintenance expense and, if so, what that share is and to whom it should be paid. ■ The rules set forth in section 845 of the Civil Code govern the maintenance of private rights of way in the absence of an agreement.[6] The judgment is in no way conditional. Section 845 provides a method by which to apportion costs if no agreement is reached among the owners of

Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription. . . ."

[6] Civil Code section 845: "The owner of any easement in the nature of a private right of way, or of any land to which any such easement is attached, shall maintain it in repair.

"If the easement is owned by more than one person, or is attached to parcels of land under different ownership, the cost of maintaining it in repair shall be shared by each owner of the easement or the owners of the parcels of land, as the case may be, pursuant to the terms of any agreement entered into by the parties for that purpose. In the absence of an agreement, the cost shall be shared proportionately to the use made of the easement by each owner.

"In the absence of an agreement, any owner of the easement, or any owner of land to which the easement is attached, may apply to the superior court where the right of way is located for the appointment of an impartial arbitrator to apportion such cost. If the arbitration award is not accepted by all of the owners, the court may determine the proportionate liability of the owners, and its order shall have the effect of a judgment.

"If any one of the owners of the easement or parcels of land fails, after demand in writing, to pay his proportion of the expense, action may be brought against him in a court of competent jurisdiction by the other owners, either jointly or severally, for contribution."

an easement and a remedy enforceable against a delinquent owner by the other owners of the easement.

The judgment is affirmed.

Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

**McCOMB, J.**—I dissent on the jurisdictional issue. The judgment of October 10, 1967, was made after the court had lost control of the cause and was therefore in excess of jurisdiction and void. The record indicates that the motion for new trial was timely made and that the trial court did make a ruling on the motion within the statutory time limits. The question presented is whether this ruling was a sufficient exercise of jurisdiction to comply with the statutory grant of power to modify a judgment without a retrial. In my opinion it was not.

Code of Civil Procedure section 655 et seq. set forth the time and manner in which the court may act upon motions for new trial. These provisions are jurisdictional and must be strictly observed. (*Siegal* v. *Superior Court* (1968) 68 Cal.2d 97, 100 [65 Cal.Rptr. 311, 436 P.2d 311]; *Fomco, Inc.* v. *Joe Maggio, Inc.* (1961) 55 Cal.2d 162, 166 [10 Cal.Rptr. 462, 358 P.2d 918].) The trial court has no inherent power to grant a new trial. (*Diamond* v. *Superior Court* (1922) 189 Cal. 732, 736 [210 P. 36].) Review of the code sections and their legislative history indicates a continuing concern on the part of the Legislature that a timely and efficacious procedure be established to avoid the expense and delays of an appeal by allowing the trial court to re-examine the facts (§ 662) or issues of law (*Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 90 [315 P.2d 305]) after a trial and decision. It was originally empowered to do this by granting a new trial. Subsequently it was given broad powers to do this by denying a new trial. In either case it was required to act within a limited period of time.

Originally it was required that a motion for new trial be made within four judicial days after judgment was rendered and that the court "decide summarily on such application" (Stats. 1851, 1st Sess. ch. XX, § § 252, 257). The time for filing has been changed from time to time (30 days, Code Civ. Proc., § 659, enacted 1872), 15 days (§ 659, 1967 amend.). It was limited to 10 days (1951 amend.) at the times here involved. There have been legislative changes made in the time within which the court must act. (See Historical Note, West's Anno. Code, Code Civ. Proc., § 660.) In 1915 hearing and disposition of the motion for new trial was given precedence over all other matters except criminal cases, probate matters and cases actually on trial. In 1929 the time within which the court could act on the motion was fixed at 60 days from and after service on

the moving party of written notice of entry of judgment or, if such notice was not served, then 60 days after filing the notice of intention to move for new trial. Following a study by the California Law Revision Commission that disclosed variance and confusion as to what acts must be done by a judge to make an effective ruling within the 60 days in which he has jurisdiction to act on the motion, section 660 was amended in 1959 to provide that "A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion (1) is entered in the permanent minutes of the court or (2) is signed by the judge and filed with the clerk. The entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed. The minute entry shall in all cases show the date on which the order actually is entered in the permanent minutes, but failure to comply with this direction shall not impair the validity or effectiveness of this order." (§ 660; *Siegal* v. *Superior Court* (1968) *supra,* 68 Cal.2d 97, 100-101 [65 Cal. Rptr. 311, 436 P.2d 311]; *McCordic* v. *Crawford* (1943) 23 Cal.2d 1, 6 [142 P.2d 7]; 34 State Bar J., 643.) Obviously this language required that a subsequent order be correlative to and not different from the determination of the court as entered in a timely minute order. There is nothing which indicates that the court could extend beyond 60 days the time within which it could "pass upon," "rule upon" or make a determination of the motion for new trial.

In 1929 an innovation was made by the Legislature when it enacted section 662, allowing the trial court to make changes in the findings or conclusions of law and to give an entirely different judgment without granting a new trial. This section reads: "In ruling on such motion, in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 [motions for new trial] of this code." The obvious purpose in giving these broad alternative powers to the court was to subserve the ends of justice and to prevent unnecessary delays in cases where the court deemed itself mistaken as to its previous view of the evidence or in the application thereto of the law, without the necessity of granting a new trial. (*Spier* v. *Lang* (1935) 4 Cal.2d 711, 714 [53 P.2d 138]; see 3 Witkin, Cal. Procedure (1954) § 35, p. 2083, 1967 Supp., p. 852.) In *Spier* we stated at page 715: "The language of

section 660 of the Code of Civil Procedure indicates that so long as the court 'passes' on the motion within the sixty-day period, it has lawfully exercised its jurisdiction to determine the motion, and the filing of the formal order or findings and judgment 'thereafter,' when the time of filing is subsequent to the last day of the sixty-day period, does not amount to a denial of the motion by operation of law." There is no intent indicated in the language of the statute that *different* provisions may be incorporated in the formal order or findings and judgment entered after the 60-day period had elapsed. An order or judgment (i.e., findings) may be signed and filed thereafter (*De Arman* v. *Connelly* (1933) 134 Cal.App. 173, 180 [25 P.2d 24]) but if different than and not made pursuant to an order entered within the 60-day period they are in excess of the court's jurisdiction and void. (See *Avery* v. *Associated Seed Growers, Inc.* (1963) 211 Cal.App.2d 613, 628-629 [27 Cal.Rptr. 625].)

In ruling on the motion for new trial the court may do any one or more of the things permitted by section 662 (*Oliver* v. *Boxley* (1960) 181 Cal. App.2d 471, 477 [5 Cal.Rptr. 468]). It is preferable that the statutory language be used in the order ruling on the motion but some departure in terminology is permissible if the court's intention is clear (*Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 578 [12 Cal.Rptr. 257, 360 P.2d 897]) or if ambiguities therein may be reconciled by construction to determine the substance and legal effect of the order. (See discussion of cases in 3 Witkin, Cal. Procedure (1954) § 37, pp. 2085-2086.) The order should be in the present tense, and is subject to criticism and possible invalidity if it is in the future tense (*Pacific Home* v. *County of Los Angeles* (1953) 41 Cal.2d 855, 857 [264 P.2d 544]). Whatever number of hearings may be held on the motion, a determinative order ruling thereon should be made within the 60-day mandatory period.

The record herein indicates that at the trial the court permitted plaintiff, over defendant's objections, to introduce in evidence a letter from Matt Thome, defendant's predecessor in title, that was highly prejudicial to defendant's case. Neither party had called Thome as a witness. No continuance was requested so that he could be called. Judgment was rendered on September 19, 1966. Motion for new trial urged, among other grounds, errors in law, occurring at the trial and excepted to by the moving party. On November 10, 1966, the court ruled on this motion. Its order recited the grounds of the motion ". . . and (3) that errors in law occurring during the trial and more specifically the introduction of a letter by the witness Thome. . . . This Court does concede that it was influenced to some degree by the evidence introduced from the witness Thome. The Court further feels that . . . it may well be that Mr. Thome's evidence should have been given in person and subject to cross-examination. Therefore, the

Court rules as follows: The matter will be reopened to take the testimony of Mat Thorne but the Court does not desire to have any of the other witnesses recalled. If either counsel has newly discovered evidence, they may so introduce it at the time of hearing to take additional evidence. All other matters will be kept in abeyance pending the submission of the causes under the procedure hereinabove outlined. . . ." Hearing was held in February 1967 after the 60 days had expired. In March the court entered an order stating "The Court is satisfied that further evidence indicates that the previous ruling of the Court in this matter should not be disturbed. Counsel for plaintiff shall prepare the necessary documents." The next order entered was on August 4, changing the court's decision, and pursuant thereto amended findings and conclusions were filed on October 10, 1967, more than a year after the original judgment of September 19, 1966.

The order of November 10, 1966, was entered within the 60-day period. It purported to exercise some of the alternative powers granted by section 662. It did not purport to grant a new trial. Had the court granted a new trial, either full or limited, it would have then exhausted its jurisdiction to rule further on the motion, and any further trial proceedings would not be subject to the time limitations of these sections. The "in lieu of granting a new trial" provisions are, as they state, "in lieu" thereof, and do not constitute granting a new trial. They empower the court to do certain things in denying the motion. Without taking any new evidence the court may vacate or add to any of the findings. It may re-open for further proceedings and additional evidence "with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered." There is no express extension of time within which the court may act after it re-opens. As hereinabove discussed, section 660 requires a definitive, not an interlocutory or non-determinative order, to be entered within the 60-day period. Interpreting section 662 to allow a trial court to enter an order vacating and reopening pursuant to these "in lieu" provisions, with unlimited time thereafter to continue further hearings and to make further determinations, is contrary to the clear intent of these sections. The concluding sentence of section 662 that "Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code" specifically allows apparently *unlimited motions* for new trial to be made as to any judgment or definitive order made within the 60 days, subject of course to the requirement that if the actual findings are signed and filed after the 60-day period the motion is premature if taken before such time. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 459 [20 Cal.Rptr. 321, 369 P.2d 937]; 3 Witkin, *supra,* 2072.)

The "in lieu" provisions empower the court to vacate and set aside the

findings and reopen the proceedings, with the effect "as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered." If the further proceedings are required to be concluded within the 60-day period, and no final determination is made within that time, it would follow that any intermediate orders made pursuant to a motion for new trial purporting to set aside any portion of the findings or conclusions would be ineffective, and that the court's jurisdiction to act thereafter would terminate by operation of law. There was nothing in the record nor in the order of November 10, 1966, which indicated that extensive hearings were contemplated or that the court thought that the indicated error of law was sufficient to support the granting of an entirely new trial. It did not expressly vacate and set aside the findings. It could be implied that it was postponing that step until it determined, after the introduction of further evidence (i.e., the testimony of Thome), whether any change should be made in its findings. In aid of this interpretation, the language of the March 14, 1967, memo opinion is enlightening. It reads "On Order of the Court, the above entitled matter was set for further hearing to determine if any further evidence would alter the opinion heretofore rendered in favor of the plaintiff. The Court is satisfied that further evidence indicates that the previous ruling of the Court in this matter should not be disturbed. . . ." Had this opinion been entered as a minute order prior to the expiration of the 60-day period (see 3 Witkin, *supra*, p. 1873) it might have been a sufficient determination to support the original judgment. If the original findings are construed to have been *ipso facto* vacated by the order of November 10, 1966, it might have supported the resigning and filing of the same findings at a time subsequent to the 60-day period. However the jurisdiction of the court to proceed had expired before March 14, 1967, and the court's power to act on the motion for new trial had expired by operation of law.

The second motion made by defendant, dated April 3, 1967, was entitled "Notice of Intention to Move for New Trial Limited to Purpose of Taking Additional Testimony and Adding to Findings of Fact and Conclusions of Law Pursuant to Code of Civil Procedure, Section 662." As a motion for new trial it was premature, and ineffective for any purpose, having been filed more than 60 days from the entry of the original judgment and no judgment was thereafter rendered to which it could apply. The majority opinion is in error in stating that the motion was denied by operation of law on June 2, 1967, when the court failed to act on the motion (*ante* p. 684). The motion was premature if intended to apply to the order of the court of March 14, 1967. Conceding *arguendo* that that order was made at a time when the court retained jurisdiction to act, the necessary documents ordered by the court (i.e., findings and conclusions) had

not been signed or filed. The court therefore did not "lose" jurisdiction to act on the motion; it never gained jurisdiction.

The points and authorities filed in support of the second motion, and the court's subsequent order of August 4, 1967, purporting to rule on the motion, indicate that this second motion was considered by the court as a "motion to take additional testimony after the court had previously ruled that the initial evidence had not justified a finding that the road in question was dedicated to the public." This indicates that the court considered that the matter was still before the court after submission and before findings were filed, and considered that the matter was still subject to motions to reopen although not to motions for new trial. In my opinion the court had lost jurisdiction at the end of the original 60 days.

For the reasons hereinabove expressed I would reverse the 1967 judgment appealed from.

Appellant's petition for a rehearing was denied February 25, 1970.