Filed 7/24/13  Maxwell v. Toys "R" US-Delaware CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| CINDY MAXWELL et al.,<br><br>      Plaintiffs and Appellants,<br><br>      v.<br><br>TOYS "R" US-DELAWARE, INC.,<br><br>      Defendant and Respondent. | B237422<br><br>(Los Angeles County<br>Super. Ct. No. BC401425) |

APPEAL from a judgment of the Superior Court of Los Angeles County,

Kenneth R. Freeman, Judge.  Affirmed.

Coleman Frost and Daniel L. Alexander for Plaintiffs and Appellants.

Morgan, Lewis & Bockius, Gregory T. Parks and Joseph Duffy for Defendant

and Respondent.

Cindy Maxwell and Audrey Miranda filed a class action complaint against Toys "R" Us-Delaware, Inc. (Toys "R" Us), alleging several counts relating to its gift cards. The trial court certified a class and conducted the first, nonjury phase of a bifurcated trial. The court filed a statement of decision finding that plaintiffs failed to prove their claims and entered a judgment awarding them no relief on their complaint. Plaintiffs appealed the judgment.

Plaintiffs contend the trial court found that the class representatives did not adequately represent a particular subclass and erred by failing to allow plaintiffs to either (1) amend their complaint to name an additional class representative or (2) modify the class definition in the judgment so as to exclude claims by the subclass. We conclude that plaintiffs misconstrue the court's ruling and have shown no prejudicial error. We therefore will affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background*

Toys "R" Us sells prepaid gift cards that are redeemable for merchandise at Toys "R" Us and affiliated stores. Civil Code section 1749.5, subdivision (b)(2) became effective on January 1, 2008. It states, "any gift certificate with a cash value of less than ten dollars ($10) is redeemable in cash for its cash value." (*Ibid.*)

Toys "R" Us gift cards sold before January 1, 2008, bore the language, "This card can be used only for purchases of merchandise at Toys 'R' Us, Babies 'R' Us, or Toys 'R' Us/Geoffrey stores in the United States, Puerto Rico and Canada, and/or at

2

Toysrus.com, Babiesrus.com and other affiliated Internet sites."[1]  This language was modified on cards sold after January 1, 2008, and new language was added stating, "Not redeemable for cash, except as required by law."  But some cards with the old language were still in stock and were sold after January 1, 2008, and some cards with the old language remained in customers' possession after that date.

2.      *Trial Court Proceedings*

Maxwell filed a complaint in November 2008 and filed a second amended complaint against Toys "R" Us in December 2009 adding Miranda as a named plaintiff.[2]  Plaintiffs allege that gift cards sold by Toys "R" Us are not redeemable for cash when the remaining balance falls below $10, and the cards state that they can be redeemed only by purchasing merchandise at Toys "R" Us and affiliated stores.  They allege a class consisting of "all persons in the State of California who have purchased, received or possessed a Toys R Us and/or Babies R Us gift card on or after January 1, 2008 that is not redeemable for its cash value when the remaining cash value on the card falls below $10.00."

Plaintiffs allege counts for (1) violation of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.); (2) unlawful business practice under the unfair competition law (Bus. & Prof. Code, § 17200 et seq.); (3) unfair and fraudulent business practice

---

[1]      We will refer to this or substantially similar language as the "old language."

[2]      We judicially notice the stipulation and order filed on January 22, 2010, permitting the filing of the second amended complaint and deeming it filed as of December 10, 2009.  (Evid. Code, § 452, subd. (d).)

3

under the unfair competition law; (4) false advertising (Bus. & Prof. Code, § 17500 et seq.); (5) constructive trust; and (6) conversion.

The trial court granted plaintiffs' class certification motion in January 2010, certifying the same class alleged in the complaint. The first, nonjury phase of a bifurcated trial took place in September 2010. On the first day of trial, the court made a tentative ruling that cards bearing the old language that were sold after January 1, 2008, contained a misrepresentation and that Toys "R" Us had an affirmative obligation to notify those cardholders. The court also tentatively ruled that cards bearing the new language complied with the law. After the conclusion of the first phase of trial, the court requested supplemental briefing on several questions relating to claims based on plaintiffs' use after January 1, 2008, of cards with the old language, including whether the named plaintiffs were adequate representatives for purposes of such claims. Plaintiffs argued that they were adequate representatives and that they were entitled to relief on those claims.

The trial court filed a proposed statement of decision on February 11, 2011, stating, among other things, that (1) plaintiffs failed to prove their allegation that Toys "R" Us failed to redeem gift cards for cash upon request after the remaining cash value had fallen below $10.00; and (2) the new language complied with the law and was not misleading.

Plaintiffs objected to the proposed statement of decision arguing that the trial court had failed to address certain issues, including Toys "R" Us's alleged liability arising from class members' use after January 1, 2008, of gift cards bearing the old

4

language.  The court conducted a hearing on plaintiffs' objections in March 2011.  The court filed a final statement of decision on July 29, 2011, confirming its findings in the proposed statement of decision and adding:

"No evidence was offered in trial that any class representative (or for that matter, any person) purchased a pre 2008 gift card and attempted to redeem it for cash after the effective date of the statute.  Nor was any evidence offered that any person was misled by language on the back of a pre 2008 gift card.  Accordingly, the question of whether the statements on these cards constituted noncompliance was not an issue necessary for this court to reach."

The trial court entered a judgment in September 2011 stating that plaintiffs' class, defined as stated above, is entitled to no relief on the complaint.  Plaintiffs timely appealed the judgment.

### *CONTENTIONS*

Plaintiffs contend the trial court found that the class representatives did not adequately represent class members who purchased or possessed gift cards with the old language after January 1, 2008, and erred by failing to allow plaintiffs to either (1) amend their complaint to name an additional class representative or (2) modify the class definition in the judgment so as to exclude claims by those class members.

5

## DISCUSSION

1.    *Plaintiffs Are Not Entitled to Leave to Amend the Complaint to Name An Additional Class Representative*

A trial court may allow the amendment of a pleading at any time in the proceeding, including after the commencement of trial. (Code Civ. Proc., §§ 576, 473, subd. (a)(1).) Leave to amend a complaint should be liberally granted if the amendment is necessary for the plaintiff to properly present his or her case, consistent with the policy in favor of disposing of cases on their merits, unless the amendment would raise new issues that the defendant has had no opportunity to defend. (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31; *Board of Trustees v. Superior Court* (2007) 149 Cal.App.4th 1154, 1163.) We review the denial of leave to amend a complaint for abuse of discretion. (*Trafton*, *supra*, at p. 31.)

The parties participated in a trial on the merits of the claims alleged in the complaint after notice was given to all class members in accordance with the class definition proposed by plaintiffs and approved by the trial court. The class encompassed not only persons with claims arising from the purchase or possession of gift cards with the new language, but also persons with claims arising from the purchase or possession after January 1, 2008, of cards with the old language. Plaintiffs had a full and fair opportunity to litigate the claims alleged in the complaint on behalf of all class members. Plaintiffs do not argue otherwise.

Plaintiffs cite authority that the trial court cannot deny class certification or dismiss an action before trial based on the lack of an adequate class representative and

6

instead must allow the plaintiffs an opportunity to substitute a suitable class representative. (*La Sala v. American Sav. & Loan Assn.* (1971) 5 Cal.3d 864, 872-873; *Jaimez v. Daiohs USA, Inc.* (2010) 181 Cal.App.4th 1286, 1308; *Aguiar v. Cintas Corp. No. 2* (2006) 144 Cal.App.4th 121, 137.) Such authority is not on point in these circumstances after a class has been certified and the case has been tried. The trial court here did not deny certification and, contrary to plaintiffs' argument, did not find either that a subclass was not adequately represented or that plaintiffs were entitled to no relief as a result. Moreover, plaintiffs make no effort to show and have not shown that naming an additional class representative after the conclusion of trial would affect the court's finding that they failed to prove their case.

Plaintiffs attempt to impeach the judgment based on comments made by the trial court at the hearing on plaintiffs' objections to the proposed statement of decision. Any comments by the court explaining its intended decision before the filing of a final statement of decision were tentative and nonbinding as a matter of law and cannot be used to impeach the judgment. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 268-269; *Wilshire Ins. Co. v. Tuff Boy Holding, Inc.* (2001) 86 Cal.App.4th 627, 638, fn. 9; *In re Marriage of Ditto* (1988) 206 Cal.App.3d 643, 646-647; *Oldis v. La Societe Francaise* (1955) 130 Cal.App.2d 461, 472.) The fact that the final statement of decision and judgment were not in conformity with the court's prior statements does not in any way affect the validity of the judgment. (*Taormino v. Denny* (1970) 1 Cal.3d 679, 684.)

We conclude that plaintiffs have shown no abuse of discretion in the denial of leave to amend their complaint and no prejudice as a result of the denial.

2.    *Plaintiffs Are Not Entitled to a Modified Judgment Excluding the Subclass*

Plaintiffs contend the trial court erred by adjudicating in the judgment claims by class members who purchased or received gift cards with the old language on or after January 1, 2008, after stating in its statement of decision that it did not intend to adjudicate such claims. We disagree. The court stated in its statement of decision that there was no evidence that anyone had purchased a gift card with the old language and attempted to redeem it for cash after January 1, 2008, and no evidence that anyone was misled by the old language. The statement of decision stated, "Accordingly, the question of whether the statements on these cards constituted noncompliance was not an issue necessary for this court to reach." We construe this to mean not that the court declined to adjudicate plaintiffs' claims with respect to cards with the old language, but that plaintiffs failed to prove those claims because there was no evidence that anyone was either harmed or misled as a result of the old language, and that the court therefore need not decide whether the old language violated the law.[3]

Again, plaintiffs do not argue that class members who purchased or possessed cards with the old language after January 1, 2008, were not included in the certified class or that they had no full and fair opportunity to litigate those claims. Plaintiffs do

---

[3]    Thus, the judgment constitutes a judgment on the merits of the claims by all class members. The trial court found that plaintiffs had failed to prove their claims, but did not decide whether the old language violated the law.

8

not challenge the trial court's conclusion as to the failure of proof or argue that this conclusion does not support the judgment. Moreover, plaintiffs cite no authority for the proposition that a court in these circumstances can modify the class definition after a trial on the merits so as to exclude a subclass from the judgment, and they offer no valid reason for the court to do so. Plaintiffs' failure of proof is not a valid reason. We conclude that plaintiffs have shown no prejudicial error in this regard.

## *DISPOSITION*

The judgment is affirmed. Toys "R" Us is entitled to recover its costs on appeal.

## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.

9