[Civ. No. 58063. Second Dist., Div. Two. May 7, 1980.]

CALWOOD STRUCTURES, INC., Plaintiff and Appellant, v. ARMAND HERSKOVIC et al., Defendants and Respondents.

520

COUNSEL

Farran & Goldshine and Nelson Farran for Plaintiff and Appellant.

G. Forsythe Bogeaus for Defendants and Respondents.

OPINION

**ROTH, P. J.**—Appellant entered into an oral contract with respondent for certain home improvements on the latter's behalf and allegedly com-

pleted the same at a total cost in labor and materials of some $25,000. Respondent reimbursed appellant or paid directly to suppliers about $17,300 of this amount. When appellant sought to recover the balance plus a 10 percent supervisory fee, his original and amended complaints were met with general demurrers sustained by the trial court, ultimately resulting in dismissal of the suit. The basis for the trial court's action was that the requirement of Business and Professions Code section 7159[1] that such contracts be in a prescribed written form not having been satisfied, the oral agreement was illegal, void and thus unavailable in providing a means of relief. For the reasons hereafter stated, we disagree.

"'Undoubtedly, the general rule in this state is that when it appears there is a violation of a regulating statute, the prescribed penalty is the equivalent of an express prohibition and a contract made contrary to its terms is void even though the statute does not pronounce the fact. [Citations.] The rule is not without exception, however, and before the rule can be applied in any case of a statute prohibiting or enjoining things to be done, with a prohibition or a penalty, or a penalty only for doing a thing which it forbids, the statute must be examined as a whole, to find out whether the makers meant a contract in contravention of it should be void [citations].'" (*Felix* v. *Zlotoff* (1979) 90 Cal.App.3d 155, 162 [153 Cal.Rptr. 301], citing *Vitek, Inc.* v. *Alvarado Ice Palace, Inc.* (1973) 34 Cal.App.3d 586, 591-592 [110 Cal.Rptr. 86].)

It is clear section 7159 contains no express prohibition respecting the enforceability of contracts made contrary to its terms, but is limited in its specification of penalty to criminal fine or im-

---

[1] "This section shall apply only to home improvement...contracts...between a contractor,...who is licensed or subject to be licensed pursuant to this chapter with regard to such transaction and who contracts with an owner...for proposed repairing, remodeling, altering,...converting, or modernizing...where the aggregate contract price...exceeds five hundred dollars ($500).

"Every home improvement contract and any changes in the contract subject to the provisions of this section shall be evidenced by a writing and shall be signed by all the parties to the contract thereto. The writing shall contain the following:

"    .    .    .    .    .    .    .    .    .    .    .    .    .

"A violation of this section by a licensee under this chapter, his agent, or salesman is a misdemeanor punishable by a fine of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment."

prisonment. (See fn. 1.) At the same time it would seem equally clear from its terms the statute is intended as a protection for consumers in an economic area which otherwise might well provide opportunity for abuse by contractors. The trial court's conclusion the latter fact, in itself, was sufficient to defeat appellant's claim, while not without apparent authoritative support (see *City Lincoln-Mercury Co.* v. *Lindsey* (1959) 52 Cal.2d 267, 272-273 [339 P.2d 851, 73 A.L.R.3d 1420]; *Bennett* v. *Hayes* (1975) 53 Cal.App.3d 700, 702-703 [125 Cal.Rptr. 825]) is, in our view, nevertheless without justification under the particular circumstances present, which rather give rise to application of the further qualification that: "Although the courts generally will not enforce an illegal contract, in some cases the statute making the conduct illegal, in providing for a fine or administrative discipline, excludes by implication the additional penalty involved in holding the illegal contract unenforceable. (*Keller* v. *Thornton Canning Co.* (1967) 66 Cal.2d 963, 966. . . .) Sometimes the forfeiture resulting from unenforceability is disproportionately harsh considering the nature of the illegality. 'In each such case, how the aims of policy can best be achieved depends on *the kinds of illegality and the particular facts involved' (Lewis & Queen* v. *N.M. Ball Sons, supra,* 48 Cal.2d 141, 151 [308 P.2d 713])." (*M. Arthur Gensler, Jr., & Associates, Inc.* v. *Larry Barrett, Inc.* (1972) 7 Cal.3d 695, 702-703 [103 Cal.Rptr. 247, 499 P.2d 503].)

Here appellant undertook to provide certain home improvements at the instance and request of respondents and, so far as the complaint discloses, completed them. The parties, it is alleged, were social acquaintances and the liabilities incurred by appellant in carrying out the project arose only from the exercise of authority granted him seriatim by respondents and in the same manner subsequently ratified by them. A major portion of the expenditures were, in fact, paid back to appellant by respondents or by them directly to suppliers. Accordingly, "The present case is one in which plaintiff [might] be entitled to some relief. The violation of law was one which did not involve serious moral turpitude; the policy of protecting the public from the future consequences of the contract will not be furthered because the transaction has been completed; . . . defendant [could] be unjustly enriched at the expense of plaintiff . . .; and the penalty resulting from denial of relief [could] be disproportionately harsh in relation to the violation involved." (*Southfield* v. *Barrett* (1970) 13 Cal.App.3d 290, 294 [91 Cal.Rptr. 514].)

The order appealed from is reversed.[2]

Fleming, J., and Compton, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 2, 1980.

---

[2]Our conclusion is conditioned insofar as the fundamental question addressed by us is one arising out of undisputed facts admitted by respondents for purposes of their general demurrer. That is to say, our determination goes no further than to say that upon the facts recited appellant has stated a cause of action which on its face should not have been dismissed. If, however, upon trial of the cause or upon motion for summary judgment it were to appear the facts are otherwise than as alleged and are such as to place the case outside the exceptions to the general rules regarding enforceability of illegal contracts, (e.g., that the authority claimed by appellant was lacking) our decision does not preclude respondents from renewing their assertions. Similarly, of course, we have not addressed any other potential defenses which respondents might interpose.