Filed 5/10/16  Hiyama v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DEAN HIYAMA,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF FRESNO COUNTY,<br><br>    Respondent;<br><br>PAIGE RIVERA,<br><br>    Real Party in Interest. | F071102<br><br>(Super. Ct. Nos. 14CECG02395 and 14CECL09356)<br><br>**OPINION** |

ORIGINAL PROCEEDING; petition for writ of mandate.  Jeffrey Y. Hamilton, Judge.

Rummonds Thornton and Douglas V. Thornton; Thornton Law Group, Robert W. Branch and William E. McComas for Petitioner.

No appearance for Respondent.

Lloydwinter and Jody L. Winter for Real Party in Interest.

-ooOoo-

Petitioner, Dean Hiyama, purchased a single-family home in Fresno (Property) while undergoing a divorce. Because a portion of the funds used to purchase the Property were part of the marital estate, Hiyama's then girlfriend, real party in interest Paige Rivera, took title to the Property. According to Hiyama, Rivera agreed to deed the Property back to Hiyama at a later date. Instead, Rivera took steps to evict Hiyama from the Property. In response, Hiyama filed the underlying action to obtain title to the Property.

Rivera demurred to the second amended complaint. The trial court sustained the demurrer without leave to amend as to the majority of the causes of action. The trial court ruled that the alleged contract between Hiyama and Rivera was illegal, and therefore unenforceable, because Hiyama violated Family Code[1] section 2040, subdivision (a)(2), when he used his IRA to purchase the Property without his wife's consent.

On Hiyama's writ petition we issued an order to show cause. We find that, under the circumstances of this case, the contract is enforceable. Accordingly, we will reverse the trial court's order.

## BACKGROUND

Since the petition is from the sustaining of a demurrer without leave to amend, the facts are derived from the complaint. This court must give the complaint a reasonable interpretation and assume the truth of all material facts properly pleaded. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) However, contentions, deductions or conclusions of law will not be accepted as true. (*Id.* at p. 967.)

In April 2006, Hiyama and his wife, Ann Hiyama, commenced a collaborative divorce proceeding. Beginning in April 2006, Hiyama lived in his mother's home.

---

[1] All further statutory references are to the Family Code.

2.

In March 2013, Hiyama learned that he needed to immediately vacate his mother's home. At that time, Hiyama was dating Rivera.

Thereafter, Hiyama selected and made an offer on the Property. Hiyama planned to pay cash for the Property with funds from his IRA account and a loan from his mother.

On April 2, 2013, the escrow officer informed Hiyama that his wife would need to sign a quitclaim deed. Rivera suggested that she be the only person on the title. Not wanting to delay the closing of escrow, Hiyama decided to have only Rivera's name appear on the deed. Hiyama and Rivera agreed to temporarily use Rivera's name on the title and then transfer title to Hiyama at a later date.

In April 2013, Hiyama moved into the Property. Rivera has never lived there. Rather, Rivera owns and resides in a home in Morgan Hill.

In July 2014, Hiyama and Rivera had a falling out. In August 2014, Rivera threatened to sell the Property if Hiyama did not pay her $150,000. At that time, Rivera informed Hiyama that "the Property was a gift to her." When Hiyama refused to pay, Rivera initiated an unlawful detainer action to have Hiyama removed from the Property.

In response, Hiyama filed a complaint for quiet title, slander of title, declaratory relief, breach of oral contract, and unjust enrichment. Rivera demurred to this complaint. The trial court sustained the demurrer with leave to amend on the ground that Hiyama had not alleged any ownership interest in the Property.

Hiyama then filed a first amended complaint. This complaint added another four causes of action: fraud; constructive trust; breach of oral contract re real property; and equitable estoppel. Rivera again demurred. The trial court sustained the demurrer to the fraud, quiet title, constructive trust, breach of oral contract re real property, equitable estoppel, declaratory relief causes of action, and part of the unjust enrichment cause of action with leave to amend on the ground that the agreement between Hiyama and Rivera violated the temporary restraining orders contained in section 2040, subdivision (a)(2).

3.

The trial court sustained the demurrer with leave to amend to the third cause of action for slander of title for failure to state a claim.

Hiyama's second amended complaint alleged the same causes of action with additional explanatory facts. Hiyama also deleted certain facts. Regarding the reason for putting the Property in Rivera's name, the first amended complaint stated that, "as time was of the essence, PLAINTIFF decided to only have DEFENDANT's name appear on the deed as PLAINTIFF and his wife were going through a divorce and DEFENDANT believed his wife would not provide the necessary Quitclaim Deed in order for PLAINTIFF to have his name on the Property Grant Deed." In the second amended complaint, Hiyama modified this allegation to read "as time was of the essence, PLAINTIFF decided to only have DEFENDANT's name appear on the deed as PLAINTIFF and his wife were going through a divorce and a Quitclaim Deed would cause a delay in the closing of escrow."

Rivera again demurred. The trial court sustained the demurrer without leave to amend to causes of action one through seven and part of nine. The court held that, because these causes of action were premised on an oral contract that violated section 2040, subdivision (a)(2), that contract was illegal and therefore unenforceable.

## DISCUSSION

Hiyama contends the trial court erred in sustaining Rivera's demurrer without leave to amend as to the causes of action for fraud (first), quiet title (second), constructive trust (fourth), breach of oral contract re real property (fifth), equitable estoppel (sixth), declaratory relief (seventh), and unjust enrichment (ninth). In reviewing such a ruling, our only task is to determine whether the complaint states a cause of action as a matter of law. (*Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 824.)

**1.** ***Hiyama's violation of section 2040 does not render the contract unenforceable.***

Section 2040, subdivision (a)(2), provides that, during dissolution proceedings, both parties are restrained "from transferring, encumbering, hypothecating, concealing, or

4.

in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court ….." Accordingly, when Hiyama used funds from his IRA to purchase the Property without his wife's consent, Hiyama violated this section.

Hiyama alleged he and his wife had agreed that he would ultimately retain the IRA as his separate property. Nevertheless, because Hiyama and his wife were still married at the time of the transaction, he violated this temporary restraining order.

In general, certain contracts will not be enforced if found to be contrary to public policy. (*Kashani v. Tsann Kuen China Enterprise Co.* (2004) 118 Cal.App.4th 531, 540 (*Kashani*).) A party to an illegal contract cannot come into a court of law and ask to have his or her illegal objects carried out. (*Ibid.*) This rule is based on the rationale that the public importance of discouraging prohibited transactions outweighs equitable considerations of possible injustice as between the parties. (*Southfield v. Barrett* (1970) 13 Cal.App.3d 290, 294.)

"However, 'the rule is not an inflexible one to be applied in its fullest rigor under any and all circumstances. A wide range of exceptions has been recognized.'" (*Asdourian v. Araj* (1985) 38 Cal.3d 276, 291.) For example, illegal contracts will be enforced to avoid unjust enrichment to the defendant at the expense of the plaintiff or if the purpose of the statute violated is better served by enforcement. (*Ibid*; *Kashani, supra,* 118 Cal.App.4th at p. 542.) "In each case, the extent of enforceability and the kind of remedy granted depend upon a variety of factors, including the policy of the transgressed law, the kind of illegality and the particular facts." (*Emmons, Williams, Mires & Leech v. State Bar* (1970) 6 Cal.App.3d 565, 569.)

The purpose of section 2040, subdivision (a)(2), is to preserve the parties' property interests from unilateral disposition during dissolution proceedings. (*In re Marriage of McTiernan & Dubrow* (2005) 133 Cal.App.4th 1090, 1103.) Here, the second amended complaint seeks to keep marital assets from Rivera, a third party. Enforcement of the

alleged oral contract would return the proceeds of the IRA to Hiyama. If so returned, those proceeds would again be subject to the jurisdiction of the family law court. Accordingly, the refusal to enforce the agreement between Hiyama and Rivera on the ground that Hiyama violated section 2040, subdivision (a)(2), when he purchased the Property frustrates the purpose of that section. The purpose of section 2040, subdivision (a)(2), is better served by enforcement. Therefore, the trial court erred in sustaining the demurrers to the causes of action premised on the alleged agreement between Hiyama and Rivera on the ground that the contract was illegal.

## 2. *Hiyama did not file sham pleadings.*

In the original complaint, Hiyama alleged that, as time was of the essence, he decided to have only Rivera's name appear on the deed as Hiyama and his wife were going through a divorce and Rivera believed Hiyama's wife would not provide the necessary quitclaim deed in order for Hiyama to have his name on the Property grant deed.

In the first amended complaint, Hiyama elaborated on what occurred regarding the grant deed. He added allegations that Rivera recommended that she be the only person on the title and that he and Rivera agreed to temporarily use Rivera's name on title and then have title transferred to Hiyama at a later date. Hiyama further stated he believed that Rivera never intended to transfer title to him and that Rivera intended to defraud Hiyama in order to steal the Property.

In explaining his decision to have only Rivera's name on the deed in the second amended complaint, Hiyama deleted the assertion that "DEFENDANT believed his wife would not provide the necessary [quitclaim deed] in order for Plaintiff to have his name on the Property Grant Deed." Instead Hiyama alleged he decided to have Rivera's name appear on the deed as Hiyama and his wife were going through a divorce and "a Quitclaim Deed would cause a delay in the closing of escrow." Hiyama further explained

6.

he desperately needed the Property and did not want to risk losing another Property due to a delay in finalizing the documentation.

Rivera contends these modifications caused both the first amended complaint and second amended complaint to be sham pleadings.

Where a party files an amended complaint following the sustaining of a demurrer, that party cannot avoid the defects that were fatal to a cause of action by simply omitting the problematic facts or pleading facts inconsistent with those alleged earlier. (*Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.) If the pleader fails to explain such an inconsistency, the court may disregard the amendments and read the original defects into the complaint pursuant to the policy against sham pleading. (*Ibid; Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 384.)

Here, the allegations added to the first amended complaint are not inconsistent with the original complaint. Rather, Hiyama merely elaborated on the circumstances surrounding the transaction. All three complaints alleged that Hiyama decided to have only Rivera's name on the deed. The new allegations in the first amended complaint simply provide further explanation as to why he made this decision.

The deletion of the allegation in the second amended complaint that "DEFENDANT believed his wife would not provide the necessary Quitclaim Deed" also did not cause that pleading to be a sham. This removed statement was no more than speculation regarding why there would be a delay in closing escrow, i.e., the expectation that Hiyama's wife would not cooperate. The omission of this fact does not make the allegations inconsistent with the two previous complaints. Rather, all three complaints are consistent in alleging that attempting to obtain a quitclaim deed would result in delay. Accordingly, we will assume the truth of the facts pleaded in the second amended complaint.

**3.** ***The trial court misinterpreted the allegation regarding Rivera's gift claim.***

As discussed above, the second amended complaint alleged that in August 2014,

7.

Rivera informed Hiyama that the Property was a gift to her. The trial court interpreted this allegation as Rivera "believed the subject property a gift." Based on this interpretation, the trial court found that Rivera did not possess the intent necessary for fraud because she believed the Property to be a gift.

However, Hiyama did not state Rivera believed she received a gift. Rather, over a year after the sale transaction took place and after their relationship ended, Rivera told Hiyama that the Property was a gift. At about this time, Rivera demanded $150,000 from Hiyama to transfer the Property and Hiyama refused. Thus, a reasonable interpretation of the "gift allegation" is that Rivera took the position that the Property was a gift after the transaction took place. Therefore, this allegation is not fatal to the fraud cause of action.

In sum, Hiyama's violation of section 2040, subdivision (a)(2), does not render the alleged agreement between Hiyama and Rivera regarding the transfer of the Property unenforceable. Accordingly, this statutory violation did not support sustaining the demurrer to the causes of action premised on that agreement. Assuming the truth of the facts alleged in the second amended complaint, it states a cause of action.

## DISPOSITION

The trial court is directed to vacate its order sustaining the demurrer to the first, second, fourth, fifth, sixth, seventh and ninth causes of action and enter a new order overruling the demurrer to those causes of action. Costs are awarded to petitioner.

_____
LEVY, J.

WE CONCUR:


_____
HILL, P.J.


_____
GOMES, J.

8.