MEMORANDUM ***
Plaintiff-Appellant Paul Singh appeals the district court’s dismissal of his Complaint against Defendant-Appellee Bhupin-der Baidwan. We affirm.
Singh alleges that he wanted to purchase a gas station, but that he “did not have permanent residence status, which at the time was a requirement for a BP franchise, and of most lenders.” Baidwan allegedly agreed to hold Singh’s shares in an LLC as well as Singh’s fifty percent interest in the gas station in his own name “in order to help [Singh] qualify for both the loan and franchise.” Singh claims that Ba-idwan promised to transfer back the shares in the LLC and half interest in the gas station upon Singh’s request.
In October 2013, Singh allegedly learned that Baidwan would not return Singh’s shares or fifty percent interest in the gas station. Singh then filed a complaint against Baidwan, alleging breach of contract as well as ten other claims. Baidwan filed a motion to dismiss, which the district court ultimately granted. The district court dismissed Singh’s claim for breach of contract on the basis that an illegal contract is unenforceable. The court dismissed the remainder of Singh’s claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Singh appealed.
The district court did not err in dismissing Singh’s breach of contract claim on the basis of illegality. Under California law, the “well-settled rule [is] that the courts will not aid a party whose claim for relief rests on an illegal transaction.” Wong v. Tenneco, Inc., 39 Cal.3d 126, 216 Cal.Rptr. 412, 702 P.2d 670, 576 (1985) (in bank). “This rule is based on the rationale that ‘the public importance of discouraging such prohibited transactions outweighs equitable considerations of possible injustice between the parties.’ ” Asdourian v. Araj, 38 Cal.3d 276, 211 Cal.Rptr. 703, 696 P.2d 95, 105 (1985) (in bank) (quoting Southfield v. Barrett, 13 Cal.App.3d 290, 91 Cal.Rptr. 514, 516 (1970)).[1] “[T]he rule[, however,] is not an inflexible one to be applied in its fullest rigor under any and all circumstances.” Id. (quoting Southfield, 91 Cal.Rptr. at 516). “In each case, the extent of enforceability and the kind of remedy granted depend upon a variety of factors, including the policy of the transgressed law, the kind of illegality and the particular facts.” Id. (quoting S. Tahoe Gas Co. v. Hofmann Land Improvement Co., 25 Cal.App.3d 750, 102 Cal.Rptr. 286, 292 (1972)). In Asdourian, the California Supreme *618 Court considered three factors in concluding that equitable relief was warranted. One of those factors — whether the contract is malum in se or merely malum prohibi-tum — is dispositive here. Malum in se agreements are “all those of an immoral character, those which are inequities in themselves, and those opposed to sound public policy or designed to further a crime or obstruct justice.” Vitek, Inc. v. Alvarado Ice Palace, Inc., 34 Cal.App.3d 586, 110 Cal.Rptr. 86, 91 (1973); see Asdourian, 211 Cal.Rptr. 7036, 96 P.2d at 106 (describing malum in se agreements similarly). Contracts that are malum in se are “viewed as rendering the agreement absolutely void in the sense that no right or claim can be derived from them.” Vitek, 110 Cal.Rptr. at 91. In Asdourian, the court, citing Vitek with approval, explained, “a contract made in violation of [the statute] does not involve the kind of illegality which automatically renders an agreement void. The contracts at issue here were not malum in se. They were not immoral in character, inherently inequitable or designed to further a crime or obstruct justice.” 696 P.2d at 106.[2] Instead, the court explained, “the contracts were malum prohibitum, and hence only voidable depending on the factual context and the public policies involved.” Id.[3]
Even according to Singh’s own allegations, the contract between Singh and Baidwan was for the express purpose of evading the franchisor’s and the lender’s requirements. This purpose to defraud the franchisor and lender, by misleading them as to who would actually run and own the gas station, makes the contract malum in se, and therefore unenforceable. See Homami v. Iranzadi, 211 Cal.App.3d 1104, 260 Cal.Rptr. 6, 11 (1989), modified (June 27, 1989) (declining to enforce an oral contract that provided that a buyer of real property would pay interest secretly to the seller in order to allow the seller to avoid declaring interest income and thus to evade required taxes). The district court therefore did not err in dismissing Singh’s breach of contract claim.
The district court also did not abuse its discretion in dismissing the remainder of Singh’s claims for failure to prosecute. Singh’s initial opposition to Ba-idwan’s motion to dismiss failed to meaningfully respond to the majority of Baid-wan’s arguments. Consequently, the court filed an order that explained that Singh’s lack of response constituted failure to prosecute, subject to dismissal under Federal Rule of Civil Procedure 41(b). As an alternative to dismissing right away, the district court gave Singh a second chance to respond, ordering. that “plaintiff SHALL FILE an opposition to defendant’s dismissal motion — addressing every argument in defendant’s motion.”
*619 Singh, however, still declined to respond to Baidwan’s arguments, asserting, “Without a ruling from the Court on its position regarding whether the oral contract is enforceable it is difficult and appears to be a waste of time and resources to address in detail the sufficiency of all the other remaining causes of action.” In light of the fact that Singh failed to comply with the order, the district court did not abuse its discretion in dismissing the remainder of Singh’s claims for failure to prosecute. See Fed. R. Civ. P. 41(b) (“If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.”), Singh has also failed to offer any relevant arguments on appeal to challenge the dismissal for failure to prosecute.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent cites the general rule that illegal contracts, whether malum prohibitum or ma-lum in se, will not be enforced, but ignores the fact that courts have treated those sorts of contracts differently in equity. ‘‘[A]ll the consequences which attend a contract contrary to public morals do not attend one which is purely Malum prohibitum, and that in the latter case courts will take notice of the circumstances, and will give relief, if justice and equity require a restoration of money received by either party thereunder.” S. Tahoe Gas Co. v. Hofmann Land Improvement Co., 25 Cal.App.3d 750, 102 Cal.Rptr. 286, 291 (1972) (quoting Smith v. Bach, 183 Cal. 259, 191 P. 14, 15 (1920)).

. The distinction between malum prohibitum and malum in se, while not always a bright line, nevertheless continues to be used by California courts, contrary to the dissent’s suggestion. See Cal. Physicians Serv. v. Aoki Diabetes Research Inst., 163 Cal.App.4th 1506, 78 Cal.Rptr.3d 646, 654 (2008) ("[A] contract for the provision of medical services by licensed professionals is plainly not malum in se-, Blue Shield would be unjustly enriched if it were allowed to retain the benefit of services bestowed on its subscribers without compensating ADRI.” (emphasis added)).

. The cases cited by the dissent as granting relief despite the illegality of a contract involved contracts that were illegal not because they involved moral turpitude but rather solely because one of the contracting parties did not have the required licenses to be participating in the industry in question. See Asdourian, 211 Cal.Rptr. 7036, 96 P.2d at 96 (oral contract where statute required written contract and technical noncompliance with licensing statute); Vitek, 110 Cal.Rptr. at 87 (unlicensed contractor); Southfield, 91 Cal.Rptr. at 516 (unlicensed commission merchant).